```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KIRK E. SHERRIFF
    Assistant U.S. Attorney
 3  2500 Tulare Street, Suite 4401
    Fresno, California 93721
 4  Telephone: (559) 497-4000
    Facsimile: (559) 497-4099
 5
    Attorney for the
 6  United States of America
 7
 8
                IN THE UNITED STATES DISTRICT COURT
 9
                FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11
                                     )  1:10-CR-00267 LJO
12  UNITED STATES OF AMERICA,         )
                                     )  STIPULATION FOR FINAL ORDER OF
13           Plaintiff,               )  FORFEITURE RE: REAL PROPERTY AT
                                     )  1407 W. GARLAND FRESNO,
14      v.                            )  CALIFORNIA AND ORDER THEREON
                                     )
15  RICHARD EARL NORTON, JR.,         )
                                     )
16           Defendant,               )
                                     )
17  CITY OF FRESNO,                   )
                                     )
18                                    )
             Petitioner.              )
19                                    )
```

20

21      IT IS HEREBY STIPULATED by and between plaintiff United States

22  of America and petitioner City of Fresno, to compromise and settle

23  their interests in the following property (hereafter, the

24  "Property"), and to consent to the entry of a Final Order of

25  Forfeiture as to the following asset pursuant to 18 U.S.C.

26  § 981(a)(1)(C) and 28 U.S.C. § 2461(c):

27          Real Property located at 1407 W. Garland,
            Fresno, California 93705, APN 433-272-05,
28          recorded owner Richard Earl Norton, Jr., and

1  more fully described as:

2  LOT 86 OF TRACT NO. 1177, BURISS HEIGHTS,
   IN THE CITY OF FRESNO, COUNTY OF FRESNO,
3  STATE OF CALIFORNIA, ACCORDING TO THE MAP
   THEREOF RECORDED IN BOOK 14 PAGE 100 OF PLATS,
4  RECORDS IN SAID COUNTY.

5  This stipulation for Final Order of Forfeiture is entered into
6  between the parties pursuant to the following terms:

7      1.   On September 24, 2010, Richard Earl Norton, Jr., entered
8  into a plea agreement in which he pled guilty to Count One of the
9  Indictment, which charges him with Interstate Transportation of
10 Stolen Property and Aiding and Abetting, in violation of Title 18,
11 United States Code, Sections 2314 and 2.  The Court entered a
12 Preliminary Order of Forfeiture on November 9, 2010.  Pursuant to 28
13 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n), the United States
14 gave direct notice to the City of Fresno, a municipal corporation and
15 published notice on the official internet government forfeiture site
16 www.forfeiture.gov for at least 30 consecutive days beginning
17 December 11, 2010 and ending on January 9, 2011.  The City of Fresno
18 filed a Petition for Ancillary Hearing on March 15, 2011, claiming a
19 lien holder interest in the Property.  No other persons or entities
20 have come forward and the time for maintaining a claim has expired.

21     2.   The parties hereby stipulate that the City of Fresno is a
22 lien holder on the Property.  The City of Fresno has a legal right,
23 title, or interest in the Property, and such right, title, or
24 interest requires the Court to amend the Preliminary Order of
25 Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for the
26 Petitioner City of Fresno's interest because such interest was vested
27 in the Petitioner rather than the Defendant at the time of the
28 commission of the acts which give rise to the forfeiture of the

Property.  *See* 28 U.S.C. § 2461(c) (incorporating 21 U.S.C. § 853(n)).  The parties further stipulate, however, that Richard Earl Norton, Jr., has an ownership interest in the Property and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of his interest.

3. The parties agree that the sale of the Property shall be handled by the U.S. Marshals Service in a commercially reasonable manner.  The U.S. Marshals Service shall have sole authority to select the means of the sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the Property.  Richard Earl Norton, Jr. is currently in custody.  Richard Earl Norton, Jr., or his designee shall maintain the Property in good condition and repair, and provide the U.S. Marshals Service or its agents with reasonable access to the Property to facilitate its appraisal, marketing, and sale.  Richard Earl Norton, Jr. or his designee further shall remove all personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash.  Any and all of Richard Earl Norton Jr.'s personal possessions, and the personal possessions of any former occupant, not removed will be disposed of by the United States without further notice.

4. The United States agrees that upon entry of a Final Order of Forfeiture and sale of the Property pursuant to the Final Order of Forfeiture, the United States will not contest payment to the City of Fresno from the proceeds of the sale, after payment of outstanding real property taxes assessed against the Property and expenses reasonably incurred by the U.S. Marshals Service in connection with its custody and sale of the Property, the following:

        a.    All unpaid principal due to petitioner City of Fresno under the Deeds of Trust recorded in Fresno County, California, Official Records as instrument numbers 2006-0266140 and 2006-0266141 respectively, dated December 15, 2006 and recorded December 21, 2006. Said Deeds of Trust secured Promissary Notes in the original amounts of $13,051.00 and $13,052.00 dated December 15, 2006.  As of March 15, 2011, the principal balance due and owing on the Notes was $12,655.50 and $12,656.50, for a total of $25,312.00. The total amount necessary to pay the Notes in    full as of March 15, 2011 was $25,312.00.

        b.    Reasonable costs and expenses for servicing the subject loans and preservation of the Property to the extent recoverable under the above Notes secured by the Deeds of Trust, and any property insurance and property taxes paid by the City of Fresno, shall be reimbursed, until the date of payment.

        d.    A total fee of not more than $200 to process a beneficiary demand statement and to record a reconveyance of the Deeds of Trust.

        e.    The exact amount to be paid to the City of Fresno shall be determined at the time of payment, but shall not be less than the amounts set forth above.

    5.    The net proceeds from the sale of the Property, after the above disbursements, are to be forfeited to the United States and disposed of as provided for by law.

6.  The payment to petitioner City of Fresno shall be in full settlement and satisfaction of all claims and petitions by the City of Fresno regarding the Property indicted by the Grand Jury for the Eastern District of California on or about June 17, 2010, and of all claims arising from and relating to the seizure, detention, and forfeiture of the Property.  The payment to the City of Fresno shall not include any penalty payments, including any prepayment penalties.

7.  Upon payment, the City of Fresno agrees to assign and convey their security or other interests to the United States via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims that currently exist or that may arise as a result of the Government's actions against and relating to the Property.  As against the United States and its agents, petitioner City of Fresno agrees to waive the provision of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."  The release given under this paragraph shall apply only to conduct that has or may have occurred up to and including the date on which the City of Fresno receives payment under the terms of this agreement.  The waiver by the City of Fresno of Civil Code § 1542 pertains only to the release given by the City of Fresno under this agreement as to the subject Property.  The City of Fresno expressly reserves all rights, and does not release any party, for any cross-complaint it

might have in the event the City of Fresno is sued by a third party for the actions of the United States or one of its agents, servants, employees or representatives.

    8.    Petitioner City of Fresno agrees not to pursue against the United States any other rights that it may have under the Promissory Notes and/or Deeds of Trust, including, but not limited to, the right to foreclose upon and sell the Property during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the Property, and right to assess additional interest or penalties except as specifically allowed herein.

    9.    Petitioner understands and agrees that by entering into this stipulation of their interest in the Property, they waive any right to litigate further their ownership interest in the Property and to petition for remission or mitigation of the forfeiture. Thereafter, if this Stipulation for Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, the City of Fresno shall be excused and relieved from further participation in this action.

    10.    Petitioner understands and agrees that the United States reserves the right to void the stipulation if, before payment of the Promissory Notes or liens, the U.S. Attorney obtains new information indicating that the petitioner is not an "innocent owner" or "bonafide purchaser" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the Property.  In either event, the United States shall promptly notify the Petitioner of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees.  Additionally, the City of Fresno

1 reserves the right to petition the Court for a modification of this
2 order in the event it determines that the value of the subject
3 Property is at an amount which may not be sufficient to satisfy its
4 liens.
5    11.  The parties agree to execute further documents, to the
6 extent reasonably necessary, to convey clear title to the Property to
7 the United States and to implement further the terms of this
8 Stipulation.  Each party agrees to bear its own costs and attorneys'
9 fees.
10    12.  Payment to the petitioner City of Fresno pursuant to this
11 Stipulation is contingent upon a forfeiture of the Property to the
12 United States, the United States' prevailing against any additional
13 third parties alleging claims in an ancillary proceeding, and the
14 Court's entry of a Final Order of Forfeiture.  Further, the terms of
15 this Stipulation shall be subject to approval by the United States
16 District Court.  Violation of any term or condition herein shall be
17 construed as a violation of an order of the Court.
18    13.  The court shall maintain jurisdiction over this matter to,
19 inter alia, enforce the terms of this Stipulation.

                                    Respectfully Submitted,

Dated: 4/26/11                      BENJAMIN B. WAGNER
                                    United States Attorney


                                    /s/ Kirk E. Sherriff
                                    KIRK E. SHERRIFF
                                    Assistant U.S. Attorney



/// 
/// 
///

```
                              JAMES C. SANCHEZ
                              City Attorney

Dated: 4/19/11                /s/ Michael D. Flores
                              MICHAEL D. FLORES
                              Deputy City Attorney
                              Attorneys for Petitioner
                              City of Fresno




Dated: 4/21/11                /s/ Mark Scott
_____           MARK SCOTT
                              City Manager
                              City of Fresno

              (original signatures retained by attorney)
```

**ORDER**

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement.

IT IS SO ORDERED.

**Dated:   April 28, 2011**             /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE